[No. 10,587.—In Bank.]

## PEOPLE *v.* STEPHEN MALASPINA.

EVIDENCE—CRIMINAL LAW.—On the trial of an indictment for murder, a witness for the prosecution testified that before the homicide the defendant was carrying a pistol. The defendant, on his own behalf, was asked whether he was carrying the pistol as to which the former witness had testified. *Held*, that the question was proper.

ALIBI—INSTRUCTION—EVIDENCE.—On the trial of an indictment, it is error to instruct the jury that an unsuccessful attempt to prove an *alibi* is always a circumstance of great weight against the prisoner.

APPEAL from a judgment, and order denying a new trial, in the Superior Court of Sierra County.   HOWE, J.

*M. Farley*, for Appellant.

*A. L. Hart*, Attorney-General, for Respondent.

MYRICK, J.:

The defendent' was by information accused of the crime of murder; he was found guilty of murder in the first degree, and judgment of death was pronounced.

1. The conviction was had entirely upon circumstantial evidence, so far as the defendant was connected with the homicide. As a circumstance, the prosecution proved by one Reichert that, a short time before the homicide, the defendant Malaspina was seen at Sierra City in company with an alleged co-conspirator and the deceased, and that the defendant was armed with a new pistol.   The defendant, being examined as a witness in his own behalf, was asked the question, " Why were you carrying the pistol with regard to which Reichert testified ? "   The prosecution objected, and the objection was sustained.

This ruling was error.   The object of proving that defendant had the pistol was to show that he was possessed of means for taking the life of deceased, bullet and knife wounds being found upon the body.   If the possession of the pistol, and the fact that he fired it in the way of testing it or for other purposes, were circumstances tending to connect him with the homicide, he was clearly entitled to place before the jury his version of the circumstances and his reasons for having the pistol.   The jury would, of course, determine whether his alleged reasons

were true or pretended; but he had the right to give the testimony.

2. The defendant attempted to prove an *alibi*. In reference to that subject, the Court charged the jury: "That an unsuccessful attempt to prove an *alibi* is always a circumstance of great weight against the prisoner, because the result to that kind of a defense implies an admission of the truth and relevancy of the facts alleged, and the correctness of the inference drawn from them, if they remain uncontradicted." This was error. We think it cannot be said, as a matter of law, that an unsuccessful attempt to prove an *alibi* is a circumstance of "great weight" against the prisoner.

Judgment and order reversed, and cause remanded for a new trial.

MORRISON, C. J., and SHARPSTEIN, J., concurred.

ROSS, J., and McKINSTRY, J., concurred in the judgment, on the ground last stated in the opinion.